ROIB:sb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE. No.: _____

IN RE: SEIZURE OF:

$101,380.00
FROM SAM JONES SEWELL

_____/

**UNITED STATES' AGREED MOTION TO EXTEND TIME
IN WHICH TO FILE COMPLAINT**

The United States through the undersigned attorney files this agreed motion to extend the time in which to file its complaint and submits that:

1. On August 6, 2014, members of the Broward Sheriff's Office Narcotics Task Force ("BSO NITF"), which DEA participates, conducted an interdiction operation at the Fort Lauderdale/Hollywood International Airport, 50 Terminal Drive, Fort Lauderdale, Florida, and seized the above asset, i.e., $101,380.00. Members of the BSO NITF made a consensual contact with Sam Jones Sewell IV ("SEWELL"). SEWELL stated that he was traveling with a $100,000.00 in his bag. SEWELL stated that he packed everything himself. When asked if the amount of the money was exactly $100,000.00, SEWELL stated "That's what they told me it was." When asked who are they? SEWELL stated the currency did belong to him and that he was transporting it to San Francisco for a friend and business associate "Jeremy Barnett." When Sewell was asked if he was being compensated for transporting the currency, SEWELL stated "No." SEWELL's flight was booked by Jeremy Barnett's wife Lauren Barnett one day prior to

the flight. SEWELL was unable to provide Jeremy Barnett's address or telephone number. SEWELL had no paper work indicating where or how the currency was obtained. The currency was being transported in three different envelopes. The first envelope had $50,000.00 inside; the second envelope had $20,000.00 inside; and the third envelope had $31,380.00 inside, totaling $101,380.00 (One Hundred and One Thousand Three Hundred and Eighty dollars). The currency consisted of 519 x $100.00 (One Hundred dollar bills); 36 x $50.00 (Fifty dollar bills); and 2,384 x $20.00 (Twenty dollar bills) totaling $101,380.00. None of these bills had bank wrappers on them. Also, narcotics K-9 "Boomer" positively alerted to the currency signifying that the odor of narcotics was emanating from the currency. SEWELL was also traveling on a one-way ticket flying from Fort Lauderdale, Florida to Chicago, Illinois to San Francisco, California with no checked luggage. As a result of SEWELL's inconsistent statements, the manner in which the currency was concealed and packaged, and K-9 Boomer's positive alert for the odor of narcotics emanating from the $101,380.00, the above asset was seized from SEWELL.

2. Subsequent investigation into this matter revealed that SEWELL was involved in the transporting of marijuana and drug proceeds in 2012.

3. Pursuant to Title 18 U.S.C. § 983(a)(3)(A), the government is required to file a complaint in forfeiture 90 days after a claim has been filed or if no complaint is filed, to release the property. The statute also provides that the Court may extend the time for good cause shown or by agreement of the parties.[1]

---

[1] Title 18 USC 983(a)(3)(A) reads:
Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the matter set forth in the Supplemental Rules for Certain Admiralty and Martime Claims or return the property pending the filing of a complaint, except that a

4. On October 27, 2014, Jeremy and Lauren Barnett, represented by Attorney Laura Stone, filed claims alleging ownership of the assets seized in this matter which were scheduled for administrative forfeiture, and requested that judicial forfeiture proceedings be instituted.

5. The deadline for filing a civil complaint in the above described matter was original scheduled to expire on January 29, 2015, given the filing date of the above claim.

6. The ongoing negations between the parties appear to be very close to complete. However, negotiations will require additional time to be finalized. In order to minimize duplication of efforts and to coordinate any on-going investigation and the pending-civil deadline, the United States would like to extend the time for filing its complaint until April 3, 2015, in order to obtain a complete resolution of the seized assets.

7. In accordance with Rule 7.1 (a)(3), of the Local Rules for the Southern District of Florida, undersigned counsel contacted Laura Stone, Esquire, Counsel for Jeremy and Lauren Barnett, who agreed with and has no objection to the requested deadline extension.

---

court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon **agreement** of the parties.

WHEREFORE, the United States requests that the Court enter the attached order extending the complaint filing deadline until April 3, 2015.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

        By: _____
        RICHARD O.I. BROWN
        ASSISTANT U.S. ATTORNEY
        500 East Broward Blvd., Suite 700
        Fort Lauderdale, Florida 33394
        Admin. Bar No. A5500257
        TEL: (954) 660-5779
        FAX: (954) 356-7180
        Email: richard.brown@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically mailed this 27th day of January 2015 to:

    Laura Stone, Esq.
    100 Wilshire Boulevard, Suite 940
    Santa Monica, CA 90401
    laurastonelaw@gmail.com
    Tel: 310-420-7883
    Toll Free: 1-800-304-2420

        _____
        RICHARD O.I. BROWN
        ASSISTANT U. S. ATTORNEY